UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRANDON J. CLINE, CHARLES SCOTT, MARIO HANSERD, ANTHONY T. SANDERS, MICHAEL PAYTON, THOMAS D. GALLOWAY, II, LARRY ASHLEY, THOMAS TAYLOR, and ISAIAH DAISY, Plaintiffs, v. LAPORTE COUNTY COMMUNITY CORRECTIONS, BROWN, and ATWATER, Defendants. | CAUSE NO. 3:20-CV-422-DRL-MGG |

OPINION & ORDER

Nine prisoners at the LaPorte County Jail filed a complaint without a lawyer. ECF 1. "[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). In addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has recognized that a district court has discretion to consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quotation marks and citations omitted). Joinder of these nine unrepresented prison inmates is not appropriate here.

None of the plaintiffs are lawyers, and none of them may represent any of the others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Because of this, each plaintiff must read and sign every filing. Gathering signatures at the beginning of a lawsuit is easier than at any other time. In this case, all five signed the complaint, though only one was named in the caption. However, only one signed the motion for counsel and only one sought leave to proceed *in forma pauperis*, though

they are each individually required to pay the full filing fee without regard to how much any of the other inmate plaintiffs may have paid. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff"). This illustrates some of the confusion that occurs in multi-plaintiff litigation. While these deficiencies are not insurmountable, continuing to obtain signatures will become more difficult as the case proceeds.

Inmates are constantly being released from custody, transferred to another facility, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995). When the plaintiffs are no longer housed together in the same unit, it may be impossible obtain each other's signatures. Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. This would impose an additional cost on the plaintiffs. Moreover, institutional rules prohibit inmates from corresponding within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be given 'particular sensitivity.'"); *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (internal security is particularly a matter normally left to the discretion of jail administrators). If a plaintiff does not comply with Rule 5, he is not only in violation of the federal rules, the other plaintiffs are left ignorant of the activity in the case.

These inmates are in a county jail. Though the lead plaintiff indicates he was serving a sentence after being convicted, it is unclear whether that is true for all of the plaintiffs. Because the legal standards are different for pretrial detainees than for convicted prisoners, their claims may be different even if all of them experienced the same conditions of confinement. *Kingsley v. Hendrickson*, 576 U.S. 389; 135 S. Ct. 2466 (2015). Additionally, exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Each inmate must separately exhaust every one of the claims he is bringing before filing suit. Therefore, even if they have similar claims, the exhaustion question must be individually adjudicated. Doing so in the same lawsuit could result in separate scheduling deadlines or unnecessary

2

delay. Thus, in the totality, it would be fundamentally unfair for this case to proceed with multiple unrepresented, prisoner plaintiffs.

However, pursuant to Federal Rule of Civil Procedure 21, "on its own, the court may at any time, on just terms, . . . drop a party." *Cf. Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened)"). Here, it is fair to open a separate case for each of these plaintiffs. This resolves the problems. It allows for the efficient, individual determination of each plaintiff's case. Yet, it does not preclude any plaintiff from cooperating with any other to the extent he is able. Neither does it preclude future consolidation pursuant to Rule 42(a) if that is appropriate at any stage of the proceeding. Separate lawsuits will "secure the just, speedy, and inexpensive determination of [this] proceeding." Fed. R. Civ. P. 1.

For these reasons, the court:

(1) DISMISSES Charles Scott, Mario Hanserd, Anthony T. Sanders, Michael Payton, Thomas D. Galloway, II, Larry Ashley, Thomas Taylor, and Isaiah Daisy;

(2) DIRECTS the clerk to open a separate case for Charles Scott, Mario Hanserd, Anthony T. Sanders, Michael Payton, Thomas D. Galloway, II, Larry Ashley, Thomas Taylor, and Isaiah Daisy, with the complaint from this case (ECF 1) and a copy of this order; and

(3) DIRECTS the clerk to directly assign these related, newly opened cases pursuant to N.D. Ind. L.R. 40-1(e).

SO ORDERED.

June 11, 2020                                       *s/ Damon R. Leichty*
                                                    Judge, United States District Court